On plaintiff-relators' petition for attorney fees filed September 19, petition denied December 4, 1984, rehearing denied January 8, 1985

## STATE ex rel SAJO et al,
*Plaintiff-Relators,*

*v.*

## PAULUS et al,
*Defendants.*

(SC S31039)

691 P2d 106

Michael Rose, Milwaukie, for plaintiff-relators.

Dave Frohmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Michael D. Reynolds, Assistant Attorney General, Salem, for defendant Secretary of State.

John B. Leahy, County Counsel for Multnomah County, Portland, and Paul Snider, Legal Counsel, Association of Oregon Counties, Salem, for defendant counties.

**LINDE, J.,** dissenting.

Relators prevailed in an original mandamus proceeding in this court arising out of their efforts to place a measure on the ballot by initiative petition. *State ex rel Sajo v. Paulus,* 297 Or 646, 688 P2d 367 (1984). They now petition this court for an award of attorney fees. Because their original petition for a writ of mandamus raised issues about the initiative process that had substantial public importance for the citizens of this state beyond these petitioners, clarifying the existing law and identifying issues in need of attention, I dissent from the Court's total denial of attorney fees.

Petitioners invoke our precedent of awarding attorney fees in *Deras v. Myers,* 272 Or 47,535 P2d 541 (1975), another case concerning the election laws. In *Deras* the plaintiff successfully challenged a law restricting expenditures in election campaigns. This court noted that attorney fees previously had been allowed to union members who sued their union to require fair and democratic elections,[1] and the court considered it beyond dispute that the interest of the public in the issues presented by the plaintiff, involving state elections and individual liberties, was stronger than the interest represented by the union members in those cases. *Deras v. Myers,* 272 Or at 66, 535 P2d at 550.

The issues in the present case were of similar public importance. Our decision dealt with six alleged legal errors in the administration of the law governing initiative petitions, and it agreed with petitioners on most of them. The analysis rested on premises which have significance beyond these specific applications. Indeed, we stated that it was this public importance of the case for the entire initiative process that justified the extraordinary exercise of our original jurisdiction rather than leaving the case to statutory review by lower courts. 297 Or at 649.

If the recalculation of signatures following our decision had resulted in placing petitioner's proposed initiative on

---

[1] *Gilbert v. Hoisting & Port. Engrs.,* 237 Or 130, 384 P2d 136, 390 P2d 320, cert den 376 US 963 (1964). The court also cited *Hall v. Cole* 412 US 1, 93 S Ct 1943, 36 L Ed2d 702 (1973); Falcon, *Award of Attorney's Fees in Civil Rights and Constitutional Litigation,* 33 Md L Rev 379 (1973); Nussbaum, *Attorney's Fees in Public Interest Litigation,* 48 N Y U L Rev 301 (1973).

the ballot, I suppose the Court might recognize that the principle of *Deras v. Myers, supra,* would entitle petitioners to attorney fees. I do not see how the outcome of the recalculation makes the legal issues on which they prevailed in this court less important. Perhaps they are not entitled to the entire amount for which they petition, but as the Court denies fees altogether, I need not pursue what the amount should be. I would, however, award some reasonable amount of attorney fees commensurate with the contribution that petitioners' legal action has made to the public interest in the lawful administration of the intiative process.

Peterson, C. J. and Roberts, J., concur in this dissent.